In re PETITION FOR DISCIPLINARY ACTION AGAINST Charles L. HAWKINS.

No. A06–398.

Supreme Court of Minnesota.

Nov. 20, 2006.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition and a supplementary petition for disciplinary action alleging that respondent Charles L. Hawkins committed professional misconduct warranting public discipline, namely, a pattern of untimely appellate filings resulting in respondent's suspension by the Eighth Circuit Court of Appeals for six months, and alleging that in his practice before the Minnesota Court of Appeals, respondent engaged in a similar pattern of late filings in violation of Minn. R. Prof. Conduct 1.3, 3.4(c), and 8.4(d).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a 60–day suspension from the practice of law. The stipulation further recommends that the suspension be stayed and that respondent be publicly reprimanded and placed on probation for two years subject to the following conditions:

(a) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of two attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of filing of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (b) below. Respondent shall make active client files available to the Director upon request.

(b) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor

an inventory of all active appellate client files by the first day of each month during the probation. With respect to each active appellate file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(c) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in appellate matters that respondent is handling and that will ensure that respondent regularly reviews each and every appellate file and completes legal matters on a timely basis.

(d) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(e) Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(f) Should respondent fail to comply with these conditions, the Director may submit a motion to this court seeking to impose the balance of respondent's suspension. Respondent shall be entitled to notice of the Director's motion and an opportunity to be heard.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Charles L. Hawkins is hereby suspended from the practice of law for a period of 60 days, such suspension being stayed subject to the conditions set forth above. Respondent is hereby publicly reprimanded and placed on supervised probation for a period of two years subject to the conditions set forth above. Respondent shall pay the sum of $900 in costs pursuant to Rule 24(a), RLPR.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice